UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LIFE INSURANCE COMPANY
OF THE SOUTHWEST,**
a Texas insurance corporation,

      **Plaintiff,**                                                     Case No.  8:20-cv-00888-MSS-JSS

v.

**DAVID GREENBAUM and DEBBY RATH, as
Parents and natural guardians of
R.G., a minor; MARTY MELTON; and
JOHN DOE, in his capacity as the Personal
Representative of the Estate of Sandra Rostig,
deceased,**

      **Defendants.**
_____/

**CASE MANAGEMENT REPORT**

    1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **May 27, 2020 at 10:00 a.m.** by telephone and was attended by:

| <u>Name</u> | <u>Counsel for:</u> |
|---|---|
| ***Brett J. Preston, Esquire*** | ***Counsel for Plaintiff*** |
| ***William J. Cook, Esquire*** | ***Counsel for Defendant David Greenbaum as Parent and Natural Guardian of R.G., a minor*** |
| ***Jeffrey A. Eisel, Esquire*** | ***Counsel for Defendant Marty Melton*** |

    2.    <u>Initial Disclosures</u>:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request,

provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

___x___      have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before __**June 30, 2020**_____.[2]

_____     stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____
_____.

_____     have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

3. <u>Discovery Plan Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

**At this time Plaintiff does not anticipate conducting any discovery.**

a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>: **N/A**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u> **N/A**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u> **N/A**

(4) <u>Oral Depositions:</u> **N/A**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
|  |  |  |

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**April 1, 2021, though at this time Plaintiff does not anticipate retaining any experts.**

**Rebuttal expert disclosures due within thirty (30) days**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**At least 30 days prior to trial**

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before     **June 1, 2021**     (date).

4

      4a.    <u>Discovery Plan Defendant David Greenbaum</u>:  The parties jointly propose the following Defendant's discovery plan:

      a.    <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendants plan to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1)    <u>Requests for Admission:</u>

**In accordance with Fed. R. Civ. P. 36**

Number of Requests for Admission:  Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

      (2)    <u>Written Interrogatories:</u>

**In accordance with Fed. R. Civ. P. 33**

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

      (3)    <u>Requests for Production or Inspection:</u>

**In accordance with Fed. R. Civ. P. 34**

      (4)    <u>Oral Depositions:</u>

**In accordance with Fed. R. Civ. P. 30**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|
|      |                               |         |

    b.    <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**April 1, 2021**

**Rebuttal expert disclosures due within thirty (30) days**

    c.    <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**At least 30 days prior to trial**

    d.    <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before     **June 1, 2021**  (date).

    4b.    <u>Discovery Plan Defendant Marty Melton</u>: The parties jointly propose the following Defendants' discovery plan:

    a.    <u>Defendants' Planned Discovery</u>: A description of every discovery effort Defendants plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

  (1)  <u>Requests for Admission:</u>

**In accordance with Fed. R. Civ. P. 36.**

Number of Requests for Admission: Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

  (2)  <u>Written Interrogatories:</u>

**In accordance with Fed. R. Civ. P. 33.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

  (3)  <u>Requests for Production or Inspection:</u>

**In accordance with Fed. R. Civ. P. 34**.

  (4)  <u>Oral Depositions:</u>

**In accordance with Fed. R. Civ. P. 30**.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length<br><u>of Deposition</u> | <u>Grounds</u> |
| --- | --- | --- |

      b.    <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**April 1, 2021**

**Rebuttal expert disclosures due within thirty (30) days**

      c.    <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**At least 30 days prior to trial**.

      d.    <u>Completion of Discovery</u>:  Defendants will commence all discovery in time for it to be completed on or before **June 1, 2021**.

5.    <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties agree that all documents shall be exchanged in electronic form where available.**

6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery: **N/A.**

7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>:  Parties agree that the final date for filing:

      a.    motions for leave to file third party claims and/or motions to join parties should be **December 18, 2020**.

      b.    motions for summary judgment and all other potentially dispositive motions should be **July 1, 2021**. (Note time limit in Local Rule 4.03.)

8. **Settlement and Alternative Dispute Resolution**: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
_____likely          (check one)
  X    unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
\_\_\_\_\_ yes         X   no      \_\_\_\_\_likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. **Consent to Magistrate Judge Jurisdiction**:  The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  See 28 U.S.C. § 636.
\_\_\_\_\_ yes         X   no      \_\_\_\_\_likely to agree in future

10. **Preliminary Pretrial Conference**:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
\_\_\_\_\_request  (check one)
  X   do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

11. **Final Pretrial Conference and Trial**: Parties agree that they will be ready for a final pretrial conference on or after   **August 2, 2021** (date) and for trial on or after **September 1, 2021** (date). This Jury_____Non-Jury  X    trial is expected to take approximately   **14**     **hours.**

12. **Pretrial Disclosures and Final Pretrial Procedures**: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. **Other Matters**:

**None.**

9

DATED: May __27__, 2020


HILL, WARD & HENDERSON, P.A.
Attorneys for Plaintiff
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida  33601
(813) 221-3900
(813) 220-2900 fax


By: __/s/ Brett J. Preston__
     BRETT J. PRESTON
     Fla. Bar No. 630716
     Brett.preston@hwhlaw.com
     michelle.armstrong@hwhlaw.com
     CAROLINA BLANCO
     Fla. Bar No. 98878
     carolina.blanco@hwhlaw.com
     julie.mcdaniel@hwhlaw.com



BARKER | COOK
Counsel for Defendant David Greenbaum,
as Parent and Natural Guardian of R.G., a minor
501 E. Kennedy Blvd., Suite 1040
Tampa, FL 33602
(813) 489-1001
(813) 489-1008 fax

By: __/s/ William J. Cook__
     William J. Cook, Esq.
     Fla. Bar No. 986194
     wcook@barkercook.com
     susan@barkercook.com

BASKIN EISEL RIGHTMYER
Counsel for Defendant Marty Melton
14020 Roosevelt Boulevard, Suite 808
Clearwater, Florida 33762
(727) 572-4545
(727) 572-4646 fax


By: /s/ Jeffrey A. Eisel
 Jeffrey A. Eisel
 Fla. Bar No. 92365
 jeisel@baskineisel.com
 kathleen@baskineisel.com

14031285v1