UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIFE INSURANCE COMPANY OF
THE SOUTHWEST,

     Plaintiff,

v.                                     Case No: 8:20-cv-888-MSS-JSS

DAVID GREENBAUM, DEBBY
RATH, MARTY MELTON and
MARTY MELTON,

     Defendants.

_____/

## ORDER

THIS MATTER is before the Court on Cross-Plaintiff Marty Melton's ("Melton") Motion to Compel Discovery and Motion to Extend Discovery Deadline ("Motion") (Dkt. 90) and Melton's Supplement to the Motion (Dkt. 92). In the Motion, Melton seeks to extend the discovery deadline to January 15, 2022 to conduct limited additional discovery, namely the depositions of six fact witnesses, Melton, and Defendant David Greenbaum. (Dkt. 90.) Defendant Greenbaum does not object to the extension. (Dkt. 92.) The parties also agree that the deposition testimony will not be used in connection with the pending motion for summary judgment (Dkt. 85). (Dkt. 92.) The parties do not seek an extension of the trial term.

Courts enjoy broad discretion in deciding how to regulate discovery and manage the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366

(11th Cir. 1997); *see Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

In exercising this discretion, a court may extend the time concerning when an act must

be done on a motion made after the time has expired if the party failed to act because

of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).

The Court finds good cause to grant the requested extension of the discovery

deadline to conduct additional limited discovery as set forth in the Motion and this

order.  Additionally, the Court finds excusable neglect in failing to move for the

extension before the discovery deadline expired due to the parties' good faith attempts

to resolve the Motion without Court intervention.  Fed. R. Civ. P. 6(b)(1)(B).

Melton also moves the Court to compel discovery from Defendant Greenbaum.

According to Melton's certification pursuant to Local Rule 3.01(g), Defendant

Greenbaum objects to producing the requested discovery because Melton failed to re-

serve the discovery requests after the case was reopened in February 2021.  In the

interest of the "just, speedy, and inexpensive determination" of this proceeding,

Plaintiff is directed to re-serve the discovery requests on Defendant Greenbaum within

five days of the date of this order.  Fed. R. Civ. P. 1.  If Defendant Greenbaum fails to

respond to the discovery requests in accordance with the Federal Rules of Civil

Procedure, Melton may file a renewed motion to compel.  The parties are advised that

the Court will not grant further extensions of the discovery deadline, or other case

deadlines, including the trial term, absent extraordinary circumstances.  The parties

are encouraged to work cooperatively to resolve any disputes that may arise relating

to this outstanding discovery.

Accordingly, it is **ORDERED**:

1.  Melton's Motion to Compel Discovery and Extend Discovery Deadline to Complete Depositions (Dkt. 90) is **GRANTED in part** and **DENIED without prejudice in part** as set forth herein.

2.  The discovery deadline is extended to January 15, 2022 for the limited purpose of conducting the discovery set forth in Melton's Motion and Supplement (Dkts. 90, 92) and this order.  All other deadlines remain unchanged.

3.  Melton shall re-serve its discovery requests on Defendant Greenbaum within five (5) days of the date of this order.  If Defendant Greenbaum fails to respond to the discovery requests in accordance with the Federal Rules of Civil Procedure, Melton may file a renewed motion to compel.

**DONE** and **ORDERED** in Tampa, Florida, on November 16, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record