UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIFE INSURANCE COMPANY
OF THE SOUTHWEST,
a Texas insurance corporation,

      Plaintiff,                                    Case No.  8:20-cv-00888-MSS-JSS

v.

DAVID GREENBAUM and DEBBY RATH, as
Parents and natural guardians of
R.G., a minor; and MARTY MELTON;
in his capacity as the Personal
Representative of the Estate of Sandra Rostig,
deceased,

      Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF MINOR SETTLEMENT
## WITH INCORPORATED MEMORANDUM OF LAW

David Greenbaum and Marty Melton, by and through their undersigned counsel, jointly move for approval of the parties' settlement agreement involving a minor claimant and request that the Court order disbursement of funds held in the Court registry in accordance with the terms of the parties' agreement. The parties state as follows:

1. This is an interpleader action involving proceeds of an annuity policy Plaintiff, Life Insurance Company of the Southwest ("LSW") issued to Sandra Rostig. Rostig passed away on December 26, 2019.

2. Defendant, Marty Melton is Rostig's surviving spouse and is the

personal representative of her estate. Defendant Melton's son, Ray Melton, is acting on Melton's behalf via a lawful power of attorney.

3. Defendant, David Greenbaum is the father of R.G., a minor. Rostig designated R.G. as the sole beneficiary of the annuity policy. The Pinellas County Circuit Court, Probate Division appointed Greenbaum guardian of the property of R.G. and authorized him to retain the undersigned counsel to represent R.G.'s interests in this action. True and correct redacted copies of letters of guardianship and the order authorizing retention of counsel are attached hereto as composite Exhibit A.

4. The day of Rostig's death, Melton submitted two requests to LSW to withdraw funds from the annuity, totaling $145,000.00. LSW did not honor the requests prior to Rostig's death, and due to the competing claims between Melton and R.G., LSW filed this action and ultimately deposited the funds into the Court registry. At the time of the deposit, the funds had accrued interest such that LSW deposited $156,272.88. *See* Docs. 82, 83.

5. Greenbaum and Melton then engaged in substantial litigation over the funds, with the parties in disagreement over both the meaning of the annuity policy as well as the circumstances under which Melton submitted the withdrawal forms to LSW. Now, after fully briefing Greenbaum's motion for summary judgment, deposing several witnesses, and beginning preparations for trial, the parties have settled their dispute. A true and correct copy of the parties' settlement agreement is attached hereto as Exhibit B.

6.      Under the terms of the settlement agreement, Melton will be receiving $20,250.00 (twenty thousand two hundred fifty dollars and no cents) and R.G. will be receiving the remaining amount left in the Court registry, which will be deposited into a restricted depository account designated by the probate court. Attached at Exhibit C is a true and correct copy of the probate court's order designating the restricted account.

7.      Because R.G. is a minor and will be receiving in excess of $5,000.00, the parties seek the Court's approval of the settlement. *See Sullivan v. Dep't of Transp.*, 595 So. 2d 219, 220 (Fla. 2d DCA 1992) (citing Fla Stat. § 744.387(3)(a)).

8.      In reviewing the settlement, the Court must resolve two issues: whether the appointment of a guardian ad litem is necessary to protect the minor's interests, and whether the settlement agreement is in the best interests of the minor. *See Jackson v. Magical Cruise Co., Ltd.*, No. 6:14-CV-1997, 2016 WL 2647689, at *1 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

9.      In this case, a guardian ad litem is not necessary. Under Florida law, a court generally is required to appoint a guardian ad litem if the gross settlement exceeds $50,000.00. *See* Fla. Stat. § 744.3025(1)(b) (2021). The Eleventh Circuit, however, has held that the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001). Thus, a district court need not even consider the question of whether to appoint a guardian ad litem unless a conflict of

interest exists between the representative and minor. *See id.* at 1264.

10. When a parent who is also a party to the lawsuit represents the minor and has the same interest as the child, there is generally no conflict of interest. *Id.*; *see* also *Jackson,* 2016 WL 2647689, at *1.

11. That is the case here. Greenbaum is R.G.'s father, he is responsible for R.G.'s support, and he has been appointed R.G.'s lawful guardian of the property. *See Cress on Behalf of R.L.C. v. Brighthouse Life Ins. Co.,* 6:20-CV-1823-RBD-GJK, 2021 WL 2930830, at *2 (M.D. Fla. July 7, 2021), *report and recommendation adopted sub nom. Cress v. Brighthouse Life Ins. Co.,* 6:20-CV-1823-RBD-GJK, 2021 WL 2917564 (M.D. Fla. July 12, 2021) (holding that no guardian ad litem was necessary in action filed by father on behalf of minor child over proceeds of a life insurance policy).

12. The next question is whether the settlement agreement is in the best interests of R.G., the cardinal rule being that the Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties. *See In re Smith*, 926 F.2d at 1029. The purpose of court approval "is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *See McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013).

13. Here, there obviously has been no collusion, as this dispute has been hard fought, with the parties having spent substantial time and effort litigating this matter, including deposing multiple witnesses and briefing a dispositive motion.

The parties did not agree to settle until just before their pretrial statement was due.

14. The settlement is also fair and reasonable, as the parties avoid the additional expense and uncertainties of trial and appeal, and the minor will be allocated well over seventy five percent of the funds in dispute. By contrast, in another interpleader settlement approved by the Court, the minor only received half of the proceeds. *See Cress*, 2021 WL 2930830, at *2 (approving $51,000.00/$49,000.00 split of $100,000.00 policy).

WHEREFORE, the parties respectfully request that the Court approve their settlement and enter its order directing the Clerk to disburse the funds held in the Court's registry with $20,250.00 made payable to Marty Melton and the remaining funds made payable to David Greenbaum, as parent and guardian of the property of R.G.

| BARKER & COOK, P.A. | BASKIN EISEL RIGHTMYER |
|---|---|
| /s/ William J. Cook | /s/ Jeffrey A. Eisel |
| William J. Cook, Esquire | Jeffrey A. Eisel, Esquire |
| Florida Bar No. 986194 | Florida Bar No. 92365 |
| 610 East Zack Street, Suite 505 | 14020 Roosevelt Boulevard, Suite 808 |
| Tampa, Florida 33602 | Clearwater, FL 33762 |
| Telephone: (813) 489-1001 | Telephone: 727-572-4545 |
| Facsimile: (813) 489-1008 | Facsimile: 727-572-4646 |
| wcook@barkercook.com | jeisel@baskineisel.com |
| Attorneys for Defendant, | kathleen@baskineisel.com |
| DAVID GREENBAUM, as parent and natural guardian of R.G., a minor | eservice@baskineisel.com |
| | Counsel for Defendant, MARTY MELTON |

| January 25, 2022 | January 25, 2022 |
|---|---|
| Date | Date |

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was electronically filed and served by electronic notification to all counsel listed on the Court's CMECF system, on this __25th__ day of January, 2022.

                                          By: /s/ William J. Cook
                                          William J. Cook, Esquire