## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LIFE INSURANCE COMPANY OF
THE SOUTHWEST, a Texas
insurance corporation,**

      **Plaintiff,**

**v.**                                                    **Case No: 8:20-cv-888-T-35JSS**

**DAVID GREENBAUM, as parent and
natural guardian of R.G., a minor, and
MARTY MELTON, individually and
in his capacity as the Personal
Representative of the Estate of Sandra
Rostig, deceased,**

      **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint

Motion for Approval of Minor Settlement. (Dkt. 97) This is an interpleader action

involving proceeds of an annuity policy issued by Plaintiff, Life Insurance Company

of the Southwest ("LSW") to Sandra Rostig. (Dkt. 1) Defendant, Marty Melton is

Rostig's surviving spouse and is the personal representative of her estate. (Dkt. 97 at

¶2) Defendant Melton's son, Ray Melton, is acting on Melton's behalf via a lawful

power of attorney. (Id.) Defendant, David Greenbaum is the father of R.G., a minor

and guardian of the property of R.G. (Id. at ¶ 2)

Melton and R.G. asserted competing claims over $145,000 of annuity No. 666262X (the "Annuity") issued by LSW to Rostig, which valued at $225,059.77. (Dkt. 1 at ¶ 7) On June 21, 2021, the Court directed LSW to deposit $145,000 (plus accrued interest) into the Court registry and discharged LSW from the case. (Dkt. 82) Greenbaum and Melton then engaged in substantial litigation over the disputed funds, with Melton asserting that Rostig validly withdrew the disputed funds from the Annuity prior to her death, (Dkt. 59 at 14–18), and Greenbaum asserting that no withdrawal occurred or, alternatively, any withdrawal was invalid. (Dkt. 63 at 19–21) Greenbaum moved for summary judgment on the issue of R.G.'s entitlement to the disputed funds as the beneficiary of the Annuity, (Dkt. 85), which motion Melton opposed. (Dkt. 87) On January 10, 2022, the Parties advised the Court that they reached a settlement of their dispute. (Dkt. 95) Because R.G. is a minor, the Parties seek the Court's approval of the settlement. See Sullivan v. Dep't of Transp., 595 So. 2d 219, 220 (Fla. 2d DCA 1992) (citing Fla Stat. § 744.387(3)(a)).

Florida law requires court approval of all settlements involving a minor for the settlement to be effective. Reed By and Through Reed v. U.S., 91 F.2d 878, 882 n.3 (11th Cir. 1990) (citing Fla. Stat. § 744.387(3)(a)). Specifically, Florida Statutes Section 744.387(3)(a) provides that "[n]o settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action." Fla. Stat. § 744.387(3)(a). The statute authorizes the Court to approve a settlement if the Court is satisfied that the settlement will be in the best interest of the minor. Bullard v. Sharp, 407 So. 2d 1023 (Fla. 4th DCA 1981).

"Accordingly, only the failure of the agreement to protect the interests of the minor constitutes a legitimate basis for refusal to approve the settlement under this statute." Reed By and Through Reed, 91 F.2d at 882 n.3 (citing Bullard, 407 So. 2d at 1024).

Upon review of the Parties' Settlement Agreement, (Dkt. 97-2), the Court is satisfied that the settlement is fair, reasonable, and in R.G.'s best interests. The settlement represents a reasonable resolution of the Parties' *bona fide* dispute concerning their entitlement to the disputed annuity funds. Under the terms of the Settlement Agreement, Melton will receive $20,250.00 from the funds in the Court registry, and R.G. will receive the remaining amount after payment to Melton, which will be deposited into a restricted depository account designated by the probate court. (Dkt. 97-2) Each party will pay its own fees and costs. (Id.)

The Court finds that the amounts awarded to R.G. pursuant to the Settlement Agreement are fair and reasonable in light of the Parties' respective contentions concerning their entitlement to said funds, and the Agreement adequately protects R.G.'s interests, as it awards him over seventy-five percent of the disputed funds.[1] As such, the Court finds that the Parties' Settlement Agreement is due to be approved.

---

1 Under Florida Law, if the gross settlement amount exceeds $50,000, as it does here, the court "shall appoint a guardian ad litem to represent the minor's interest before approving [the] settlement." Fla. Stat. § 744.3025(1)(b). However, the Eleventh Circuit has held that "'[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting Roberts v. Ohio Casualty Ins. Co., 256 F.2d 35, 38 (5th Cir.1958)). The Eleventh Circuit has further held that "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed." Burke, 252 F.3d at 1264. In Burke, the Eleventh Circuit explained that "when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." Id. The Court finds no conflict of interest exists between Greenbaum and R.G. in this matter and, thus, no guardian ad litem need be appointed.

Accordingly, it is hereby **ORDERED** that:

1.   The Parties' Joint Motion for Approval of Minor Settlement, (Dkt. 97), is **GRANTED as stated herein**.

2.   The Parties' Settlement Agreement (Dkt. 97-2) is **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3.   The Clerk is directed to **DISBURSE** the funds currently deposited in the Court Registry as follows:

     a.   $20,250.00 of the funds shall be disbursed to Marty Melton.

     b.   The remainder of the funds shall be disbursed to David Greenbaum, as Guardian of the Property of R.G., who shall deposit said funds into the restricted depository account designated by the probate court as set forth in the Settlement Agreement.

4.   This case is **DISMISSED WITHOUT PREJUDICE**, subject to the right of the Parties, within sixty (60) calendar days from the date of this Order, to submit a final stipulation of dismissal, should they so choose, or for any party to reopen the case, **upon good cause shown**. The Settlement Agreement contains a paragraph in which the Parties agree that the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement. (Dkt. 97-2 at ¶ 5.i) The Court declines any

request or stipulation that it retain jurisdiction to enforce the Settlement Agreement. To the extent that court intervention is necessary to resolve any dispute concerning the Settlement Agreement after the case is finally resolved, an independent basis for jurisdiction would have to be established in order for such dispute to be resolved in this Court. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

5. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of February 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party